Sam **WILSON**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

March 23, 1973.

J. Kevin Charters, Jackson, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

The appellant, Sam Wilson, shot and killed Martin Williams. At his trial on a charge of wilful murder (KRS 435.010) he relied upon self-defense as justification. He was found guilty of voluntary manslaughter (KRS 435.020) and sentenced to 21 years' imprisonment.

The single ground on which he seeks a reversal is the admission of improper and prejudicial evidence in the form of a statement made by the witness Allen Strong immediately after the shooting.

The killing took place just outside and in front of the post office at Whick, Kentucky. Strong, on the inside, heard shouts and shots and saw the decedent, Williams, run past the window. He went outside and said to the appellant, Wilson, "Sam, you and your Daddy ought to be real proud of yourselves now, each of you have killed a man." Wilson's father, who did not witness the shooting incident, later testified for the defense, relating a background of previous trouble, hard feelings and threats as relevant to the issue of self-defense.

The spontaneous remark made by Strong immediately after the shooting was admissible as an exception to the hearsay rule under the principles discussed in Preston v. Commonwealth, Ky., 406 S.W.2d 398, 401, 29 A.L.R.3d 1387 (1966), to the extent that it was relevant to the issues being tried. Certainly it was relevant to the issue of whether Wilson had done the shooting (which he later admitted). It is equally certain that the father's having also killed a man was not relevant, but was related as part and parcel of a statement that was otherwise admissible. In such a case the trial court should admit the statement only if the probative importance of that which is admissible outweighs the probable prejudice of that which is not.

That there was no real issue on the identification of Wilson as the person who had fired the fatal shot could have been readily ascertained by a conference at the bench or in chambers. Hence the statement had no probative importance whatever, and there was no valid reason to admit it in evidence. Nevertheless, upon a review of the evidence as a whole we are not convinced that its probable prejudicial effect, if any, was sufficient to justify a new trial. It was undisputed that Wilson's father and Williams had been in a fight two weeks or so before the trial, that both Williams and Wilson were carrying pistols, and that Williams was attempting to draw his gun when he fell to the ground. The issue was self-defense. We cannot believe that the apocryphal information to the effect that Wilson's father had killed a man on some other occasion would have affected the deliberations of a sensible jury in resolving that issue.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.